351 F.2d 656
 ACME PROCESS EQUIPMENT CO., to its Own Use, and for the Use and Benefit of Kingston Tool Company, Nicholson Products Company, K & G Sales Company, All Metals Industries, Inc. and the Pittsburg National Bank, Successor to the People's First National Bank & Trust Co., Assignee of All Metals Industries, Inc.
v.
The UNITED STATES.
 No. 538-59.
 United States Court of Claims.
 October 15, 1965.
 
 Jack Rephan, Washington, D. C., for plaintiff. Danzansky & Dickey, Washington, D. C., of counsel.
 David Orlikoff, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant. Hyman Lazeroff, Gravelly Point, Va., of counsel.
 Before LARAMORE, DURFEE, and DAVIS, Judges, and JONES and WHITAKER, Senior Judges.
 PER CURIAM:
 
 
 1
 The parties have pointed out that we were mistaken in finding (finding 10) that the defendant's payment to Acme for the benefit of All Metals, on April 10, 1958, "was achieved by a credit of that amount against its [All Metals'] V-loan indebtedness to the Government." In fact, this payment by the Government of over $50,000 was credited to Acme's V-loan debt, not All Metals'. The plaintiff (Acme) asks us to correct our findings to reflect that fact. The fifth sentence of our finding 10 is accordingly corrected to read: "On April 10, 1958, Acme was credited with partial payment of $50,040.28, for the benefit of All Metals; this payment was credited against Acme's V-loan indebtedness to the Government." The defendant now asserts, for the first time, that this payment was not for the benefit of All Metals at all, but its previous position in this litigation has been wholly to the contrary[1] and the payment appears in fact to have been made for the use of All Metals.
 
 
 2
 Since Acme did not, so far as this record reveals, pay over the $50,040.28 to All Metals, the defendant requests us to reconsider our denial of its counterclaim against Acme for that sum and to grant the counterclaim. In our original opinion we rejected the counterclaim on the ground that both Acme and the Government were aware of Tucker's double agency arrangement when the payment for the benefit of All Metals was made in April 1958 (347 F.2d 538, 556-557). Under the misapprehension that All Metals had actually received the money, we also referred to the unfairness of burdening Acme with recovering from All Metals at this late date. The motion to reconsider stresses that portion of the opinion.
 
 
 3
 On the facts as we now understand them, All Metals has not received the money, but we cannot say whether or not it still has a good claim against Acme. If a tribunal concerned with that claim should hold, as we have (slip op., p. 24, 347 F.2d at 556), that Acme's subcontract with All Metals was partially confirmed by the payment in April 1958, and if limitations has not run, All Metals may well have a good cause of action.[2] If that is so, Acme would find itself liable to both All Metals and to the Government (if we were to grant the counterclaim). That would certainly be an unjust burden to impose on Acme.
 
 
 4
 In any event, the operative factor is the affirmance of liability to All Metals, by both Acme and the defendant, when the payment was made in April 1958. As we said in our opinion: "We think that the partial reimbursement in 1958 constituted pro tanto ratification by both Acme and the defendant, with full knowledge, of the previously voidable subcontract." The Government directly participated in that ratification and now has no cause to contend that it should be relieved. At the time it joined in this confirmation, the defendant left the monetary relationships of Acme and All Metals to be settled between those two. That remains the situation.
 
 
 5
 The defendant's motion for reconsideration and to amend judgment is denied but the plaintiff's motion to amend the findings is granted to the extent indicated above.
 
 
 
 Notes:
 
 
 [1]
 Defendant requested the trial commissioner to find that on April 10, 1958, $50,040.28 was paid to All Metals on its claim. The trial commissioner so found ("On April 10, 1958, All Metals was given a partial payment of $50,040.28") and defendant did not except. On the contrary, the defendant dismissed plaintiff's exception to that finding as unwarranted. Indeed, defendant's entire counterclaim was squarely based on the fact that this payment to Acme was for the benefit of All Metals
 
 
 [2]
 We have not been referred, on the motion for reconsideration, to any information concerning currently relevant litigation, claims, or arrangements of Acme and All Metalsinter se.